UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MALIK HALL, AND AYESHA HALL, individually and as p/n/f/ of minors ASAH HALL, KAYAH HALL, and MALIK HALL II,<br><br>    Plaintiffs<br><br>    v.<br><br>PRESIDENT AND TRUSTEES OF BATES COLLEGE<br><br>    Defendants | Case No.: 2:22-cv-00090-JAW |

### PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF MINOR SETTLEMENT PURSUANT TO LOCAL RULE 41.2 AND 14 M.R.S. § 1605

NOW COME the Plaintiffs, by and through undersigned counsel, Norman, Hanson & DeTroy, LLC, and with the consent of Defendant hereby move pursuant to 14 M.R.S. § 1605, Local Rule 41.2, and the confidentiality order in this case (ECF No. 32) for entry of an Order on the settlement of the minors' claims in this case. Pursuant to Local Rule 41.2, Plaintiffs indicate as follows:

1. Plaintiffs claimed that during their occupancy of housing owned by Defendant while Plaintiff Malik Hall was employed as Defendant's head football coach, the minor Plaintiffs were exposed to mold, which adversely impacted their health.

2. In light of the alleged mold exposure, the minor Plaintiffs were each individually evaluated for mold allergies and the collateral effects of

1

mold exposure by their respective pediatricians. Kayah Hall was diagnosed with a mold allergy by her pediatrician upon evaluation and was referred to a pediatric asthma and allergy specialist for more advanced treatment of her condition and reaction to the elevated levels of mold in the atmosphere at the house where the Hall family resided during the relevant period. Malik Hall II experienced frequent, long-lasting nosebleeds after moving to the Ware Street house and was evaluated by his pediatrician for these symptoms. Fortunately, Asah's treatment was limited to visits with her pediatrician.

3. There currently are no medical liens for the treatment provided to the minors in this case, and there are no amounts required to be reimbursed out of the settlement funds due to each minor.

4. The parties have resolved the claims asserted in this case in their entirety, which resolution includes the payment of monies to the minor children listed as Plaintiffs in the above-captioned action.

5. That settlement agreement was reduced to writing and has been signed by all parties.

6. Pursuant to the settlement agreement in this case:

    a. Minor Plaintiff Asah Hall is to be paid $█████████ by Defendant;

    b. Minor Plaintiff Kayah Hall is to be paid $█████████ by Defendant; and

  c. Minor Plaintiff Malik Hall II is to be paid $▮▮▮▮▮ by Defendant.

7. Because the settlement calls for the above referenced monies to be paid to the minor Plaintiffs in this case, this Motion is submitted pursuant to 14 M.R.S. § 1605 and Local Rule 41.2 for an Order approving the minor settlements at issue.

8. As for attorney fees, Plaintiffs and Plaintiffs' counsel agreed to a flat fee of $5,000.00 for all work associated with obtaining court approval of the minor settlement, disbursement of the minor settlement funds, and post deposit filings related to the minor settlement funds.

9. The settlement monies due to the minor children in this case are, in the opinion of Plaintiffs, fair and reasonable amounts for the injuries sustained by their minor children.

10. Upon approval by this Court, the settlement funds designated for each minor, which are the subject of this Motion, shall be deposited into an account, opened in each respective minor's name for their sole benefit, at Maine Family Credit Union, where the funds shall remain and accrue interest until the minor listed on the account attains the age of 18, unless this Court orders otherwise.

11. A copy of the Order approving this minor settlement request shall be provided to Maine Family Credit Union, which Order sets forth the restrictions on the withdrawal of the minor settlement funds at issue.

12. Within 30 days of the entry of the Order approving the minor settlements in this case, Plaintiffs or Plaintiffs' counsel will file an affidavit verifying that the settlement funds have been deposited in accordance with the Court's Order and confirming that a copy of the Court's Order on the minor settlements has been provided to Maine Family Credit Union.

WHEREFORE, Plaintiffs, with the consent of Defendant, hereby respectfully request that this Court approve the minor settlements set forth herein pursuant to 14 M.R.S. § 1605, Local Rule 41.2, and the prior confidentiality agreement and Order in this case (ECF No. 32).

DATED at Portland, Maine this 21st day of January, 2024.

NORMAN, HANSON & DeTROY, LLC

By: */s/ Kelly M. Hoffman, Esq.*
Kelly M. Hoffman, Esq.
Attorney for Plaintiffs

NORMAN, HANSON & DeTROY, LLC

By: */s/ David A. Goldman, Esq.*
David A. Goldman, Esq.
Attorney for Plaintiff.

NORMAN, HANSON & DeTROY, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600
207-774-7000
khoffman@nhdlaw.com
dgoldman@nhdlaw.com

4

## CERTIFICATE OF SERVICE

 I hereby certify that on January 21, 2024, I caused true and accurate copies of the within document to be served on all counsel of record via the Court's ECF system.

        */s/ Kelly M. Hoffman, Esq.*
        Kelly M. Hoffman, Esq.
        Attorney for Plaintiffs

NORMAN, HANSON & DeTROY, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600
207-774-7000
khoffman@nhdlaw.com